JAMES P. KEMP, ESQ.
Nevada Bar No. 6375
KEMP & KEMP
7435 W. Azure Dr., Suite 110
Las Vegas, Nevada 89130
(702) 258-1183/(702) 258-6983 fax
jp@kemp-attorneys.com
Attorney for Plaintiff LAURA BUCKLEY

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

***

| | |
|---|---|
| LAURA BUCKLEY,<br>　　　　　　Plaintiff,<br>vs.<br><br>SAHARA WEST URGENT CARE AND WELLNESS LLC, a Wyoming Limited Liability Company; and JESSICA NGUYEN,<br>　　　　　　Defendants. | Case No.: 2:19-cv-2090<br><br>**COMPLAINT**<br><br>JURY TRIAL DEMANDED |

COMES NOW THE PLAINTIFF, by and through her counsel, JAMES P. KEMP, ESQ., of KEMP & KEMP, ATTORNEYS AT LAW, and states and alleges causes of action against the Defendant(s) as follows:

**I.　　JURISDICTION AND VENUE**

The court has jurisdiction over this case pursuant to 28 U.S.C. §1331 in that it arises under the Constitution, laws, or treaties of the United States, specifically The Fair Labor Standards Act, 29 U.S.C. §201 *et seq.*, The Court has supplemental jurisdiction pursuant to 28 U.S.C. §1367 over any related state claims alleged herein. Venue is proper in the unofficial Southern Division of the Court in that all of the material events complained of herein took place in Clark County, Nevada.

1

II.     **CLAIMS FOR RELIEF**

**Factual Allegations Common to all Claims**

1. The Plaintiff is a resident of Clark County, Nevada and was at all relevant times mentioned herein, from approximately January 22, 2018 through approximately February 1, 2018, an employee at the Defendants' place of business, SAHARA WEST URGENT CARE AND WELLNESS LLC in Las Vegas, Nevada.

2. Defendant SAHARA WEST URGENT CARE AND WELLNESS LLC ("SAHARA WEST") is and was, upon information and belief, at all material times mentioned herein a Wyoming Limited Liability Company duly authorized to conduct business under the laws of the state of Nevada and, upon information and belief, was and is conducting business in Clark County Nevada.  This entity is the former employer of the Plaintiff by operation of law under the Fair Labor Standards Act and/or NRS 608.011.

3. Defendant JESSICA NGUYEN is and was, upon information and belief, a resident of Clark County Nevada.  This Defendant is the former employer of the Plaintiff by operation of law under the Fair Labor Standards Act ("FLSA") and/or NRS 608.011 and is individually liable for unpaid overtime wages due to the Plaintiff.

4. Throughout this Complaint the term Defendants refers to all Defendants both severally and collectively as the context indicates.  Defendants are employers as defined in the FLSA and under NRS 608.011.

5. Upon information and belief, the Defendants engage in a for-profit business which has gross revenue in excess of $500,000 per annum and is engaged in the production of goods for interstate commerce and/or the use and/or handling of goods which have moved in interstate commerce as such terms are defined in the FLSA and are

employers subject to the jurisdiction of the FLSA.  Defendants provide goods or services in interstate commerce, as well.

6. The Plaintiff has been an employee of the Defendants during the time period pertinent to this complaint, to wit, the three years immediately preceding the initiation of this action.  The Plaintiff has performed labor and services in various occupations that are subject to the aforesaid provisions of the FLSA.  These occupations include, but are not limited to, work performing the duties of an Assistant.  Defendants, through their agents, servants, and/or employees, are engaged in interstate commerce.  Such interstate commerce by said defendants includes, but is not limited to, the shipment and/or purchase and use of a substantial amount of goods and/or information shipped in interstate commerce through the United States Post Office and/or telephone lines and/or other means, as well as other activities constituting interstate commerce under the provisions of said Act.

7. The labor and services performed by the Plaintiff was directly essential to the shipment and use of various goods or services which moved in interstate commerce, and Plaintiff therefor was engaged in commerce or in the production of goods for commerce as that term is used in the Act while employed by the defendants. Specifically in this case the Plaintiff's work and the Defendants' business involved providing legal services in Nevada to persons residing in other states and using consumer goods that had moved through interstate commerce.

8. That the intentional violations of law alleged to have been committed herein were done with the specific approval of any individual Defendants and make the individual Defendants "employer" or "joint employer" of the Plaintiff for the

KEMP & KEMP
ATTORNEYS AT LAW
7435 W. Azure Drive, Suite 110
LAS VEGAS, NEVADA 89130
Tel. (702) 258-1183 ♦ Fax (702) 258-6983

purposes of the claims made herein and/or otherwise makes the individual Defendants legally liable for the claims made herein.

9. That the various violations of law which are alleged herein were committed intentionally and/or willfully by all of the defendants.

10. Plaintiff began working for Defendants in Nevada on or about January 22, 2018. She was employed by Defendants for approximately 10 days.

11. Defendants failed to pay Plaintiff her final wages, in accordance with NRS 608.030 and NRS 608.040, these final wages including substantial amounts of overtime pay that remains outstanding, due, and owing to the Plaintiff. More than thirty (30) days has passed without Defendants paying Plaintiff her final wages.

12. Plaintiff was paid at a rate of $31.25 per hour per hour for regular time.

13. Throughout her employment by Defendants Plaintiff was required to work overtime. Plaintiff worked an estimated 11.5 hours of overtime.

14. Plaintiff was not paid the legally required overtime premium of time-and-a-half as required by both state and federal law. Thus she is owed one and one-half hours of pay for each hour of overtime that he worked which is $46.88 per hour of overtime worked.

15. The unpaid overtime wages claimed in this action is estimated at $679.75. The Nevada Labor Commissioner investigated the matter and concluded that this was the amount of overtime that is owed to Plaintiff.

16. At no time during her employment with Defendants was the Plaintiff exempt from overtime under the Act, or Nevada state law.

17. The Defendants' acts of failing and refusing to pay the Plaintiff his justly due overtime wages were willful acts.

4

### A. FIRST CLAIM: VIOLATION OF FLSA OVERTIME WAGE LAW

18. All other pertinent paragraphs set forth herein are incorporated here by reference as if fully set forth and re-alleged.

19. The plaintiff brings this First Claim for Relief pursuant to 29 U.S.C. § 216(b).

20. Pursuant to the applicable provisions of the FLSA, 29 U.S.C. § 206 and/or §207, the individual plaintiff was entitled to an overtime hourly wage of time and one-half her regular hourly wage for all hours worked in excess of forty (40) hours per week during the period of her employment in Nevada. The total number of overtime hours worked and uncompensated is estimated to be 11.5 hours. The defendants willfully failed to make said overtime payments.

21. Plaintiff seeks, on this First Claim for Relief, a judgment for unpaid overtime wages and additional liquidated damages of 100% of any unpaid overtime wages, such sums to be determined based upon an accounting of the hours worked by, and wages actually paid to the plaintiff and the plaintiff also seeks an award of attorney's fees, interest and costs as provided for by the FLSA. Plaintiff estimates the overtime wage damages at $679.75. This was the amount found due by the Nevada Labor Commissioner in a May 1, 2018 determination.

22. Liquidated damages available under the FLSA in this case are estimated at $679.75.

23. Defendants' violations of the FLSA were intentional and willful.

24. Plaintiff is entitled to recover costs and reasonable attorney fees pursuant to 29 U.S.C. § 216 (b) for having to incur costs and fees associated with the exercise of his legal rights and remedies through this action.

25. Plaintiff is entitled to interest, equitable relief, and any other remedies available under the Fair Labor Standards Act.

5

## B.  SECOND CLAIM: VIOLATION OF NEVADA OVERTIME WAGE LAW

26. All other pertinent paragraphs set forth herein are incorporated here by reference as if fully set forth and re-alleged.

27. Defendants have failed to pay Plaintiff overtime wages for all hours worked in excess of 8 hours per day, or 40 hours per week in violation of NRS 608.018.

28. Defendants are liable for overtime wages owed to Plaintiff at the rate of 1.5 times his hourly rate of pay for all hours worked in excess of 8 hours per day or 40 hours per week as applicable under NRS 608.018.

## C.  THIRD CLAIM: WAGES DUE AND OWING WITH STATUTORY PENALTY UNDER NRS 608.040

29. All other pertinent paragraphs set forth herein are incorporated here by reference as if fully set forth and re-alleged.

30. Defendants failed and neglected to timely pay the Plaintiff her final wages in accordance with NRS 608.030 in that they failed to pay to plaintiff her final wages, including unpaid overtime wages, when due to the plaintiff within 3 days of her termination.  Indeed her final pay to include unpaid overtime wages remains due and owing to this day.

31. Defendants are liable to Plaintiff for the statutory penalty provided in NRS 608.040. Plaintiff calculates this penalty at $7,500.00 ($250 x 30 days) based upon her regular rate of pay at the time of her termination.

32. Plaintiff has been forced to expend costs and incur fees to hire an attorney to pursue her rights under the law.

**III.     DEMAND FOR JUDGMENT FOR RELIEF**

The Plaintiff prays judgment against the Defendants, and each of them, as follows:

A.  All applicable relief provided for under 29 U.S.C. § 216 (b) including, but not limited to:

  1.  Money damages for unpaid overtime, wages, salary, employment benefits, or other compensation denied or lost due to the violations of law by the Defendants;

  2.  An additional amount as liquidated damages equal to the sum of the amount of damages awarded for overtime compensation denied or lost due to the violations of FLSA by the Defendants in accordance with 29 U.S.C. § 216;

  3.  Interest on the amounts awarded under 1 and 2 above at the prevailing rate;

  4.  For an appropriate award of money to offset and ameliorate any adverse tax consequences that may be imposed upon Plaintiff;

  5.  Equitable relief as may be appropriate;

  6.  Reasonable attorney's fees, reasonable expert witness fees, and other costs of the action;

B.  All applicable remedies for Defendants' violation of NRS 608.018 failure to pay overtime.

C.  Pre-judgment and Post-judgment interest on all applicable sums due.

D.  Money Damages for Plaintiff's unpaid final wages and the statutory penalty of thirty (30) day's pay at Plaintiff's regular rate of pay in accordance with NRS 608.040.

E.  For attorney fees and costs pursuant to applicable law.

F.  For trial by jury on all issues that may be tried to by a jury.

///
///
///
///

G.  For such other and further relief as the Court may deem just and proper.

DATED this 6th day of December 2019.

                         /s/ James P. Kemp
JAMES P. KEMP, ESQUIRE
Nevada Bar No. 006375
KEMP & KEMP
7435 W. Azure Drive, Suite 110,
Las Vegas, NV  89130
(702) 258-1183/ (702) 258-6983 (fax)
jp@kemp-attorneys.com
Attorney for Plaintiff LAURA BUCKLEY